**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 27 2013, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARIA S. BUSSABARGER**
Maris S. Bussabarger, Attorney at Law, LLC
Corydon, Indiana

ATTORNEYS FOR APPELLEE:

**ROBERT J. HENKE**
DCS Central Administration

**AARON J. SPOLARICH**
Indiana Department of Child Services
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MATTER OF R.K.: A CHILD ALLEGED TO BE A CHILD IN NEED OF SERVICES, | ) ) ) ) | |
| A.K. | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 31A01-1307-JC-310 |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) | |
| Appellee-Petitioner. | ) ) ) | |

APPEAL FROM THE HARRISON CIRCUIT COURT
The Honorable Larry Medlock, Special Judge
Cause No. 31C01-1102-JC-03

**December 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

A.K. (Mother) appeals from the juvenile court's order awarding custody of R.K., Jr. (the Child) to R.K., Sr. (Father), contending that the juvenile court abused its discretion by doing so without notice to Mother and without conducting a sufficient evidentiary hearing.

We reverse and remand.

On February 22, 2011, the Harrison County Department of Child Services (HCDCS) filed a petition asking the juvenile court's permission to commence a CHINS action with respect to the Child. The juvenile court approved the request to file the petition, the petition was filed by HCDCS, and an initial detention hearing was conducted that same day. On July 8, 2011, Mother and Father admitted that the Child was a CHINS, and a dispositional hearing was held on August 26, 2011. The juvenile court's dispositional order, entered on September 6, 2011, provided that "[t]he goal of the case activity is reunification of the child/parent relationship." *Appellee's Appendix*. at 3.[1]

On March 9, 2012, the juvenile court conducted a review hearing and issued its order later that same month approving a permanency plan for the Child. In the order, the trial court found that of the permanency options available, it was "most appropriate and consistent with the best interest of the child to return to or continue in the child's existing custodial care with: [Father], and the father to obtain custody." *Id*. at 6. The juvenile court's order approved a permanency plan calling for the Child to reunify "with Mother or permanent custodian [sic] with the father." *Id*. at 7.

---

[1] This dispositional order pertained solely to Mother.

On August 31, 2012, the juvenile court held a review hearing and on September 24, 2012, issued its order approving a permanency plan finding that "[o]f the permanency planning options available, the Court finds it is most appropriate and consistent with the best interests of the child to return to the care of [Mother] or [Father]." *Id.* at 10. The juvenile court then entered an order providing for the "permanency plan for the child of: reunification with [Mother] or permanent custodian [sic] with [Father]. . . ." *Id.*

The December 7, 2012 review hearing was vacated and reset for January 11, 2013. In the meanwhile, the HCDCS and CASA filed progress reports in preparation for the upcoming hearing. At the January 11, 2012 review hearing, no witnesses were sworn and those present discussed what they believed was the purpose of the hearing. After hearing the positions of the various parties to the proceeding, the trial court announced its intention to modify custody such that it would be transferred to Father, who lives with his mother in Virginia. Mother's counsel argued that there was no petition to modify custody filed by Father in the CHINS action, but acknowledged that the HCDCS's position was to transfer custody to Father. Mother's counsel argued that Mother had not had notice or the opportunity to prepare for anything other than a review hearing.

The juvenile court stated its belief that it possessed jurisdiction in both the dissolution action involving modification of custody of the Child and in the CHINS action. Indeed, Ind. Code Ann. § 31-30-1-12(a) (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.) provides for concurrent original jurisdiction of a court having jurisdiction of a child custody proceeding in a dissolution action and with a juvenile court for purposes of

3

modifying custody of a child subject to that court's jurisdiction because the child has been alleged to be a CHINS. On March 11, 2011, Father had filed an emergency verified petition to modify custody and visitation in Mother and Father's dissolution proceeding. We are unable to determine if or when the trial court in the dissolution proceeding heard that petition. The trial court then discussed entering an order consistent with the one entered in the CHINS action in the dissolution action.

Nonetheless, our Supreme Court has recently expressed the need for more formality and for a proper evidentiary hearing as provided for in the Indiana Code in which the formal procedures set forth in the Indiana Trial Rules are utilized in proceedings to modify a child custody order. *See Wilson v. Myers*, No. 71S03-1305-DR-399 (Ind. Nov. 5, 2013). In *Wilson* as in this case, no witnesses were sworn or cross-examined, and while reports were filed with the juvenile court, no documents were introduced or admitted. Based upon the record we have before us, we cannot assume the statutory factors set forth in Ind. Code Ann. § 31-17-2-8 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.) were considered by the juvenile court in modifying custody of the Child. Thus, consistent with our Supreme Court's holding in *Wilson*, we find that the juvenile court in this case abused its discretion by issuing an order modifying custody of the Child without a formal evidentiary hearing. The HCDCS concedes as much in its brief.[2] We vacate the trial court's order and remand the matter for an evidentiary hearing concerning modification of custody of

---

[2] Father has not filed a brief, nor has he participated in this appeal. "A party of record in the trial court . . . shall be a party on appeal. . . .". Ind. Rule of Appellate Procedure 17(A).

the Child.

Mother also contends that she was not given notice of Father's modification request. Although Father's request was filed in the dissolution proceeding, Mother was a party to that action as well and had notice of Father's petition. We need not discuss this contention further.

One matter we must discuss is the effect of our decision to vacate the juvenile court's order on the modification that has already occurred. Mother requests that we restore custody of the Child to her because of the defective manner in which the modification was carried out and ordered. Again, we turn to the holding in *Wilson* for guidance. In *Wilson*, our Supreme Court ordered that the status quo continue in order to minimize, if not completely avoid, further disruption to the children, who had been moved from their community and school to live in another state. The Supreme Court did so without expressing an opinion on the propriety of the custody modification decision.

In particular, the Supreme Court stated the following:

Therefore, while we vacate the trial court's order, we cannot easily "reverse" what the order has already done. Simply put, the current living arrangement was not properly established, but at this point it is what it is and it is our obligation, in the best interests of the children, not to exacerbate the problem or to encourage the practice followed here.

*Slip op*. at 9.

Judgment vacated and remanded.

KIRSCH, J., and BAILEY, J., concur.

5